UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP MYLES VIVIAN, Plaintiff, v. DAO VANG, *et al.*, Defendants. | Case No. 2:26-cv-1866-DJC-JDP (P) ORDER |

Plaintiff, a state prisoner, brings this action and alleges at least two separate violations of her[1] rights. ECF No. 1 at 4. The complaint is, therefore, deficient because multiple, unrelated claims against more than one defendant belong in separate lawsuits. I will dismiss the complaint with leave to amend so that plaintiff may file a complaint that contains only related claims. Additionally, plaintiff has paid the filing fee. Accordingly, I will withdraw my findings and recommendations, ECF No. 7, that her application to proceed *in forma pauperis*, be denied. I will also deny the application to proceed *in forma pauperis*, ECF No. 2, as moot.

[1] Plaintiff uses "she/her" pronouns in the complaint.

Screening Order

I. Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff's complaint contains at least two separate claims. First, she alleges that on May 4, 2026, at about 7:45 a.m., three "John Doe" correctional officers sexually harassed and abused her in violation of the Eighth Amendment. ECF No. 1 at 4. Plaintiff states that, because of the

harassment, she "flipped out," began to strip off her clothes, and had a "mental breakdown." *Id.*

Second, plaintiff alleges that, later that day, defendant Molina retaliated against her by assessing her with a disciplinary violation and loss of privileges. *Id.* She states that the retaliation was "extremely personal" and was based on prejudice against her because of her gender identity. *Id.* This claim does not, as plaintiff alleges, give rise to a First Amendment retaliation claim because there is no allegation that Molina was motivated to retaliate against any protected conduct. It may, however, give rise to a claim under the Equal Protect Clause. Even if it does, however, there does not appear to be any direct relation between Molina's actions and the actions of the unnamed "John Doe" defendants earlier in the day. The seem to be, as articulated, two separate and unrelated allegations of misconduct. The fact that both allegedly stem from defendants' prejudice against transgender inmates is insufficient to relate them. To hold otherwise might permit an unwieldy number of claims so long as they could be connected to that prejudice.

Multiple, unrelated claims against more than one defendant belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's complaint is dismissed with leave to amend so that she may address this deficiency. Within thirty days of this order's entry, she must submit an amended complaint or a notice of voluntary dismissal. She is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is DENIED as moot.

6. The findings and recommendations at ECF No. 7 are WITHDRAWN.

IT IS SO ORDERED.

Dated: August 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE