UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP MYLES VIVIAN,<br>Plaintiff,<br>v.<br>DAO VANG, *et al.*,<br>Defendants. | Case No. 2:26-cv-1866-DJC-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, brings this action under section 1983 and alleges that defendants Molina and Parra violated her[1] constitutional rights. The amended complaint, ECF No. 11, fails to state a cognizable claim against either defendant. I will give plaintiff one final opportunity to amend before recommending that this action be dismissed for failure to state a claim.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

[1] Plaintiff identifies as transgender and uses "she/her" pronouns.

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff alleges that on May 4, 2026, three "John Doe" correctional officers "working under" defendant Molina violated her rights by harassing and intimidating her while she was weighed for a medical procedure. ECF No. 11 at 8. These "Doe" officers are not named in the caption of the complaint, and there is no indication that plaintiff intends any claims to proceed against them. With respect to defendant Molina's involvement, plaintiff alleges only that these unnamed officers worked under his authority. This is insufficient. There is no respondeat superior liability in a section 1983 action. *See Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989). A supervisory defendant is liable only for his own action or inaction and, here, it is not alleged what

actions Molina took or failed to take during the alleged incident. Plaintiff is advised that, if she elects to explicitly bring claims against the "Doe" defendants, they can only be served once they are identified.

Plaintiff does allude to a claim regarding the confiscation of her property by both defendants Molina and Parra, ECF No. 11 at 5, but the complaint lacks any specifics. I cannot tell what property was confiscated or how either defendant was involved in its confiscation. Plaintiff may better explain this claim in her next amended complaint, if she chooses to file one.

Plaintiff's complaint is dismissed with leave to amend so that she may address these deficiencies. Within thirty days of this order's entry, she must submit an amended complaint or a notice of voluntary dismissal. She is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Second Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 11, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: September 10, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE